THOMAS CREGIN, AS ADMINISTRATOR, ETC., OF JAMES CREGIN, DECEASED, RESPONDENT, *v.* BROOKLYN CROSSTOWN RAILROAD COMPANY, APPELLANT.

*Action by a husband for the loss of his wife's services — what may be considered by the jury — what cause of action survives to the representatives of the husband.*

This action was brought by the plaintiff's intestate to recover damages for the loss of the services of his wife, occasioned by an injury to her resulting from the defendant's negligence. The original plaintiff having died pending the suit, the action was revived by his administrator the present plaintiff.

Upon the trial, the judge charged that, in awarding damages, the jury might consider the loss sustained by the deceased, up to the time of his death, by the deprivation "of regular attendance, services and *comfort* of his wife's society." *Held,* no error.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

This action was brought in the City Court of Brooklyn by James Cregin, in his life-time, to recover damages for the loss of services of, and for medical attendance furnished to his wife, who, on the 21st day of August, 1875, was injured while in the act of getting off one of the defendant's cars.

On the 11th day of February, 1878, the said James Cregin died, and, upon proceedings taken to revive the action, it was continued in the name of the administrator of Cregin, the present plaintiff.

A trial before the Hon. A. McCue, judge of the City Court, and a jury, was had on the 6th day of January, 1879, and a verdict found for the plaintiff for $2,250, which was set aside as a mistrial, on the grounds that said judge was co-executor of an estate, owning stock of the company defendant, and disqualified thereby.

A second trial was had before the Hon. J. Neilson, Ch. J. of said City Court, and a jury, on the 17th day of February, 1879, and a verdict found for the plaintiff for $2,500, and on a motion for a new trial on the minutes, on the ground that the damages were excessive, the said verdict was set aside. An appeal was taken from the order granting this motion, to the General Term of the Supreme Court. The order of the City Court was reversed, and the verdict sustained by the General Term. (18 Hun, 368.) Judgment was then entered for the plaintiff, and this appeal was taken from such judgment.

Upon the trial the court charged that the jury, in awarding damages, should confine themselves " to what the husband suffered in respect to nursing, attendance, doctor's bill, the deprivation of ordinary affairs, of regular attendance, services, comfort of his wife's society." The defendant's counsel objected to his submitting to the jury the question of damages " for loss of services and comfort ; so much of it as relates to comfort, as independent of services, I except to."

Two of the judges of the City Court being disqualified, a certificate to that effect was made and filed, and the appeal thus came before this court.

*Britton and Ely*, for the appellant.

*J. Warren Lawton*, for the respondent.

BARNARD, P. J.:

As I understand the decision of the Court of Appeals[*] in this case, the exception taken by the defendant, and argued upon this appeal, has no force.   The court say : " The wrong done in the present case is alleged in the complaint to have been a wrongful injury to the person of the plaintiff's wife, whereby she was rendered permanently unable to attend to her household and other duties, and the plaintiff was obliged to expend sums of money in procuring medicine and necessaries, and employing physicians to treat her for her injuries, and that he had been and would be permanently deprived of her services and comfort." This, we think, was *a wrong done to the* rights and interests of the husband. The court did not adopt the construction that pecuniary rights and interests only are protected by the statute ; but, arguing upon the assumption that if that was the true construction of the act, observed that if the injury interfered with the personal comfort of the husband, that circumstance should not deprive representatives of their remedy for the pecuniary injuries which the husband sustained, and which diminished his estate. As an original question, I am unable to find any basis for the exception. The plaintiffs are already entitled to damages for actual loss of service occasioned by the injury. Why not the loss occasioned between the personal service of a stranger and a wife, which is what I understand by the word "comfort," in the charge ? It is not the value of a hired nurse, however attentive and faithful, but the loss to the husband of the services and the comfort derived therefrom of his wife. How can one be separated from the other in assessing damages to a husband for the loss of his wife's services ?

The judgment should be affirmed with costs.

GILBERT, J., concurred, PRATT, J., not sitting.

Judgment affirmed, with costs.

. [*] 75 N. Y., 192–195.